NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2589

THE STATE EX REL. MOBLEY, APPELLANT, *v.* FRANKLIN COUNTY BOARD OF

COMMISSIONERS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Franklin Cty. Bd. of Commrs.*, Slip Opinion No. 2026-Ohio-2589.]**

*Mandamus—Public-records requests—R.C. 149.43—Public-records requester sought records from a public county office, which denied the request on basis that it was duplicative of an earlier request from requester that had already been fulfilled by another county office—Court of appeals granted county office's motion to dismiss because requested record was provided after lawsuit was filed—In denying requester's request for statutory damages, court of appeals did not abuse its discretion in concluding that based on existing case law, county office reasonably would have believed that its denial of public-records request was not a failure to comply with its obligation under R.C. 149.43(B)—Court of appeals' judgment dismissing writ claim as moot and dismissing request for statutory damages affirmed.*

(No. 2025-0608—Submitted September 16, 2025—Decided July 10, 2026.)

APPEAL from the Court of Appeals for Franklin County,

No. 22AP-541, 2025-Ohio-1422.

_____

DEWINE, J., authored the opinion of the court, which FISCHER, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ., joined. KENNEDY, C.J., concurred in part and dissented in part, with an opinion.

**DEWINE, J.**

{¶ 1} This is a mandamus case involving a request for public records. Alphonso Mobley Jr. sought records from the Franklin County Board of Commissioners, which denied his request on the basis that it was duplicative of an earlier public-records request from Mobley that had already been fulfilled by the Franklin County Prosecutor's Office. Adopting a magistrate's recommendation, the Tenth District Court of Appeals granted the board's motion to dismiss because the board provided Mobley with the requested record after his lawsuit was filed. The Tenth District denied Mobley's request for statutory damages, concluding that the board's initial denial of the duplicative request was made in reasonable reliance on case law. Mobley appealed the denial of statutory damages. Because the Tenth District did not abuse its discretion in concluding that the board reasonably would have believed its denial was not a failure to comply with its obligation under Ohio's Public Records Act, R.C. 149.43, we affirm its judgment dismissing Mobley's claim for a writ of mandamus as moot and dismissing Mobley's claim for an award of statutory damages.

## BACKGROUND

{¶ 2} Mobley sent a public-records request to the board seeking a paper copy of the statement prepared by the Franklin County Prosecuting Attorney for the

year 2020 pursuant to former R.C. 309.16.[1]  The board denied Mobley's request because it was duplicative of a request of Mobley's that had already been fulfilled by the prosecutor's office.  Mobley then brought an original action in the Tenth District, asking that court to issue a writ of mandamus compelling the board to provide a paper copy of the requested record and to award him statutory damages.  The Tenth District referred the matter to a magistrate for a decision.  *See* Civ.R. 53(D)(1); Tenth Dist.Loc.R. 13(M).  While the matter was pending, the board sent Mobley a paper copy of the requested record.

{¶ 3} The board then filed a motion to dismiss, arguing that Mobley's mandamus claim was moot because he had received the requested record and that statutory damages were not appropriate, because it had initially denied Mobley's request based on a good-faith belief that it was not required to send Mobley a document he had already received.  The magistrate issued a decision recommending that the court of appeals grant the board's motion to dismiss, concluding that Mobley's claim was moot.  2025-Ohio-1422, ¶ 33, 41 (10th Dist.).  The magistrate also recommended that the court of appeals deny Mobley's request for statutory damages because even if the board had violated an obligation to produce the requested record, the denial of the request was made in reasonable reliance on case law.  *See id.* at ¶ 34-39.

{¶ 4} Mobley filed three objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b):

---

1. Former R.C. 309.16(A) required each county's prosecuting attorney to annually "make a certified statement to the board of county commissioners specifying" certain information about cases prosecuted in that county during the previous year. Am.Sub.S.B. No. 198, 138 Ohio Laws, Part I, 683, 683-684.  The General Assembly repealed R.C. 309.16, effective April 4, 2023, *see* 2022 Am.Sub.S.B. No. 16.

[I.] Magistrate failed as a matter of law when it failed to presume injury, where [the board] did fail to provide any legal authority to support its denial, pursuant to R.C. 149.43(B)(3).

[II.] Magistrate opines that the two County Offices in the instant case are in sufficient privity with one another as to eliminate the need for both to respond to multiple requests for the same public documents from the same requester. Relying on *State ex rel. Cushion v. City of Massillon*, 2011-Ohio-4749 [(5th Dist.)].

[III.] Magistrate opines that [the board] reasonably relied on *State ex rel. Cushion*, to deny [Mobley] public records as a duplicate request. Therefore, [the board] complied with R.C. 149.43(B)(3) and [Mobley] isn't entitled to full statutory damages.

The court of appeals initially dismissed the case on the ground that after he initiated his lawsuit, Mobley was named a vexatious litigator in a different case, but we reversed on appeal and remanded for the court of appeals to consider the merits of Mobley's appeal. *State ex rel. Mobley v. Franklin Cty. Bd. of Commrs.*, 2023-Ohio-3993, ¶ 17.

{¶ 5} On remand, Mobley filed a second set of objections, stating:

[I.] The Magistrate failed to consider that the Franklin County Prosecutor and the Franklin County Board of Commissioners are separate entities established by the laws of this state for the exercise of a function of government, specifically Chapters 309 and 305 of the revised code. Therefore, both offices meet the statutory definition of "public office," pursuant to R.C. 149.011(A). State ex rel. Beacon Journal Publ. Co. v. Bodiker, 134 Ohio App.3d 415, 423 [(10th Dist.)]. (Moreover, the General

4

Assembly has apparently rejected such policy-based preferences among public records custodians, in that R.C. 149.011(A) classifies as a public office "any" entity which otherwise satisfies the statutory definition.)

> [II.] The Magistrate failed to consider that the Franklin County Board of Commissioners may sue and be sued pursuant to R.C. 305.12.

> [III.] The Magistrate failed to consider that the record requested by [Mobley] is by law **received** by the Franklin County Board of Commissioners pursuant to R.C. 309.16, and both meets the definition of record pursuant to R.C. 149.011(G) and is the property of the Franklin County Board of Commissioners once received, pursuant to R.C. 149.351(A).

> [IV.] The Magistrate failed to consider that the Franklin County Board of Commissioners and the Franklin County Prosecutor both have their own records retention schedules created by the county records commission pursuant to R.C. 149.38.

> [V.] The magistrate mistakenly invokes privity among the Franklin County Prosecutor's Office and the Franklin County Board of Commissioner's where neither the law or public policy allows privity. See [R.C.] 149.43(A)(1) "Public record means records kept by **any** public office."

(Boldface and underlining in original.) The Tenth District overruled both sets of Mobley's objections, adopted all but one paragraph and one sentence of the magistrate's decision, and granted the board's motion to dismiss. 2025-Ohio-1422 at ¶ 17 (10th Dist.). Mobley appealed to this court.

## ANALYSIS

{¶ 6} Mobley has not challenged on appeal the Tenth District's determination that his mandamus claim was rendered moot when he received the requested record from the board, so we consider only his argument about statutory damages. A public-records requester is entitled to statutory damages under the Public Records Act if "(1) he transmitted a written public-records request by hand delivery, electronic submission, or certified mail, (2) he made the request to the public office or person responsible for the requested records, (3) he fairly described the records sought, and (4) the public office failed to comply with an obligation under R.C. 149.43(B)." *State ex rel. Grim v. New Holland*, 2024-Ohio-4822, ¶ 6, citing R.C. 149.43(C)(2).[2]

{¶ 7} Even when a party demonstrates an entitlement to statutory damages, a court may reduce or decline to award statutory damages if it determines that "based on the ordinary application of statutory law and case law" at the time of the conduct of the public office, "a well-informed public office . . . reasonably would believe that the conduct . . . of the public office . . . did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)]," and that "a well-informed public office . . . reasonably would believe that the conduct . . . of the public office . . . would serve the public policy that underlies the authority that is asserted as permitting that conduct." R.C. 149.43(C)(2)(a) and (b).

{¶ 8} So, the Public Records Act envisions a two-step process for determining whether a requester is entitled to statutory damages: a court first determines whether the requester has established the four elements of R.C. 149.43(C)(2), and if those elements have been established, the court

---

2. Effective April 9, 2025, R.C. 149.43 was amended such that a person committed to the custody of the Ohio Department of Rehabilitation and Correction ("ODRC"), such as Mobley, is no longer eligible to receive an award of statutory damages under R.C. 149.43(C), and some provisions have been renumbered. *See* 2024 Sub.H.B. No. 265. We apply the version of the statute enacted in 2022 Sub.H.B. No. 93 (effective Apr. 29, 2022).

determines whether it will nonetheless reduce or decline to award damages based on application of R.C. 149.43(C)(2)(a) and (b). *See State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 18, 21. This detailed analysis does not normally lend itself to resolution on a motion to dismiss, which solely "'tests the sufficiency of the complaint'" and asks whether the requester "cannot prove a set of facts entitling him to recovery." *Jones v. Galloway*, 2026-Ohio-1250, ¶ 8, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9-10.

**{¶ 9}** Rather than follow this two-step process, the magistrate below compressed the question whether Mobley was entitled to statutory damages in the first instance with whether those damages should be reduced or not awarded at all. *See* 2025-Ohio-1422 at ¶ 34-39 (10th Dist.). Mobley, however, did not object on this basis; rather, he objected only to the magistrate's recommendation that the board's refusal to provide the requested records was based on reasonable reliance on case law. *See id.* at ¶ 9 ("All of Mobley's objections relate to the magistrate's conclusion that he was not entitled to statutory damages because the Board's initial refusal to provide the requested records was based on reasonable reliance on case law.").

**{¶ 10}** A party, except for a claim of plain error, waives an argument by failing to raise it in his objections to a magistrate's recommendation. *See* Civ.R. 53(D)(3)(b)(iv). Civ.R. 53 applies to a court of appeals when an original action commences there. *See State ex rel. Franks v. Adult Parole Auth.*, 2020-Ohio-711, ¶ 10, citing *State ex rel. Sautter v. Grey*, 2008-Ohio-1444, ¶ 11; *see also* Tenth Dist.Loc.R. 13(M)(1) ("the proceedings and decision of the magistrate and objections thereto shall be governed by Civ.R. 53"). The Tenth District was thus limited to considering only the arguments Mobley raised in his objections to the magistrate's recommendation, as are we. *See Franks* at ¶ 10 ("when a party to an original action in the Tenth District fails to object to a magistrate's recommendation and the court of appeals adopts it, that party waives his right to raise an argument

pertaining to that recommendation on appeal to this court"), citing *State ex rel. Muhammad v. State*, 2012-Ohio-4767, ¶ 3. Accordingly, the only question for review in this court is whether the Tenth District correctly determined that the board as a "well-informed public office . . . reasonably would believe that [its] conduct . . . did not constitute a failure to comply" with its obligation under R.C. 149.43(B). R.C. 149.43(C)(2)(a).[3] We review the Tenth District's decision for an abuse of discretion. *See State ex rel. Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 14 ("a court's subsequent decision under R.C. 149.43(C)(2)(a) and (b) to reduce or ultimately not award statutory damages is reviewed for an abuse of discretion"), citing *State ex rel. Ellis v. Cleveland Police Forensic Laboratory*, 2021-Ohio-4487, ¶ 11.[4]

{¶ 11} The board asserts that it reasonably believed its denial of Mobley's request was not a failure to comply with its obligation under the Public Records Act, because legal authority provides that a public office has no obligation to respond to a duplicative public-records request. In determining whether that belief would have been reasonable, the Tenth District relied on *State ex rel. Cushion v. Massillon*, 2011-Ohio-4749 (5th Dist.), to support the view that a public office need not respond to a duplicative request that was already made to a different public office. *See* 2025-Ohio-1422 at ¶ 12-17, 34-36, 38-39 (10th Dist.). In *Cushion*, a

___

3. The concurring-and-dissenting opinion would find that Mobley raised the public-policy issue simply because the words "public policy" appear in his fifth objection. *See* concurring-and-dissenting opinion, ¶ 51. But a quick review of the full text of that objection, set forth above, demonstrates the fallacy of that opinion's claim.

4. The concurring-and-dissenting opinion argues that we should review the Tenth District's decision de novo. *See* concurring-and-dissenting opinion at ¶ 28 (collecting cases). But that opinion overlooks that "when the appeals court renders a decision on a *discretionary* issue, we defer to that court's discretion as the originating court." (Emphasis in original.) *State ex rel. DiFranco v. S. Euclid*, 2014-Ohio-538, ¶ 14, *superseded by statute on other grounds as stated in State ex rel. Cincinnati Enquirer v. Cincinnati*, 2019-Ohio-3876, ¶ 12; *see also State ex rel. Cranford v. Cleveland*, 2004-Ohio-4884, ¶ 24 (reviewing discretionary award of attorney fees for abuse of discretion in public-records case), *superseded by statute on other grounds as stated in DiFranco* at ¶ 16-17.

requester made identical public-records requests to the law director, auditor, and mayor of the City of Massillon, arguing that each had an independent duty to respond to his request. *See Cushion* at ¶ 2, 13, 81. The court of appeals rejected this argument, agreeing with the trial court "that there was 'no need for each office of the City of Massillon that was sent the public records request to send the exact same documents.'" *Id.* at ¶ 85; *see also State ex rel. Brown v. N. Lewisburg*, 2013-Ohio-3841, ¶ 19 (2d Dist.) ("we find it would not be unreasonable for . . . the custodians of the records requested . . . to have believed that [the requester] was not entitled to duplicative, voluminous copies of records to which the testimony in this matter demonstrates she has access [to]").

{¶ 12} The Tenth District also noted that our decision in *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.* held that "public offices are not required to respond to duplicative public-records requests," 2024-Ohio-5154, ¶ 15, citing *State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville*, 2009-Ohio-4090, ¶ 6. *See* 2025-Ohio-1422 at ¶ 13 (10th Dist.). While *Adkins* was decided after the board denied Mobley's request, the Tenth District correctly noted that *Adkins* relied on *Summerville*, a 2009 decision that supported our holding in *Adkins*. *See Summerville* at ¶ 6 (public official does not need to respond to a reiteration of an earlier request for the same record); *accord State ex rel. Caster v. Columbus*, 2016-Ohio-8394, ¶ 49 ("This court has held that a reiterated request for the same records does not require an additional response."), citing *Summerville* at ¶ 6. And while Mobley argues that this principle is limited to when the duplicative requests "were made to the same public office," the Tenth District found that the board reasonably would have believed that *Cushion* and *Brown* supported the view that a public office need not respond to a duplicative request that was already made to a different public office in the same county. *See* 2025-Ohio-1422 at ¶ 12-17, 34-39 (10th Dist.). We find no abuse of discretion in the Tenth District's reliance on

this case law in determining that the board reasonably would have believed that it did not need to respond to Mobley's duplicative request.

{¶ 13} Mobley's remaining arguments that the board would not reasonably believe that its denial of Mobley's request was not a failure to comply with its obligation under R.C. 149.43(B) are unavailing. He cites decisions from the Court of Claims for the unremarkable proposition that multiple public offices may be responsible for the same record. *See, e.g.*, *Fairley v. Cuyahoga Cty. Prosecutor*, 2020-Ohio-1425, ¶ 13 (Ct. Cl.) (colleting cases). But none of the cases Mobley cites involved multiple requests to different public offices. He also argues that our decisions in *State ex rel. Summers v. Fox*, 2020-Ohio-5585, and *State ex rel. Horton v. Kilbane*, 2022-Ohio-205, make clear that the board still had an obligation to produce the requested record despite Mobley having already received the record from a third party. But the third party from whom the requester received the record in those cases was not a separate public office, but rather a private person or entity. *See Summers* at ¶ 7, 12, 38 (public office not relieved of duty to provide requested records despite requester having received record from individual who had separately requested the record); *Horton* at ¶ 21 (public office not relieved of duty to provide requested record to requester even though law firm representing requester had received the record in response to a request sent on behalf of a different client). These cases are therefore inapposite as they did not involve duplicative requests from the same requester to multiple public offices.

{¶ 14} The concurring-and-dissenting opinion goes to great lengths to dissect each case cited herein (and in the Tenth District's decision) in an attempt to show that the board should have reasonably believed it had a duty to respond to Mobley's duplicative public-records request made to another Franklin County public office. *See* concurring-and-dissenting opinion, ¶ 37-47. But that opinion overlooks that our task in this direct appeal is to determine whether the Tenth District's decision constitutes an abuse of discretion. And, despite the opinion's

attempt to draw nuanced distinctions, the cases relied on by the Tenth District do provide support for the proposition that a public county office has no duty to respond to a duplicative public-records request that has already been fulfilled by another county office. It may be that the concurring-and-dissenting justice would reach a different conclusion if the issue were squarely presented to us. But that does not mean that the Tenth District abused its discretion in its determination.

{¶ 15} Thus, the Tenth District did not abuse its discretion in finding that based on existing case law, the board reasonably would have believed its denial of Mobley's request was not a failure to comply with its obligation under the Public Records Act.

**CONCLUSION**

{¶ 16} We affirm the Tenth District Court of Appeals' judgment dismissing Mobley's claim for a writ of mandamus as moot and dismissing Mobley's claim for an award of statutory damages.

Judgment affirmed.

_____

**KENNEDY, C.J., concurring in part and dissenting in part.**

{¶ 17} "The separation-of-powers doctrine implicitly arises from our tripartite democratic form of government and recognizes that the executive, legislative, and judicial branches of our government have their own unique powers and duties that are separate and apart from the others." *State v. Thompson*, 2001-Ohio-1288, ¶ 6. "'In the preservation of these distinctions is seen, by many able jurists, the preservation of all the rights, civil and political, of the individual, secured by our free form of government . . . .'" *State ex rel. Bray v. Russell*, 2000-Ohio-116, ¶ 13, quoting *Zanesville v. Zanesville Tel. & Tel. Co.*, 63 Ohio St. 442, 451 (1900). That is, "[t]he reason the legislative, executive, and judicial powers are separate and balanced is to protect the people, not to protect the various branches of government." *Id.*

{¶ 18} One of the judiciary's most vital roles is to safeguard the rights of the people by limiting government overreach. Every Ohio judge takes an oath to support the state and federal Constitutions, *see* Ohio Const., art. XV, § 7, and that obliges the members of the judiciary to respect the limits on the judicial power granted by Article IV, Section 1 of the Ohio Constitution and to insist that the other branches of government respect the limits on their own powers. By upholding these obligations, judges make sure that the people's rights go untrammeled by any of the three branches.

{¶ 19} These principles do not vanish when the public's right to access government records under the Public Records Act, R.C. 149.43, is at issue. Article II, Section 1 of the Ohio Constitution confers all legislative power of the State on the General Assembly, and the General Assembly may "enact any law that does not conflict with the Ohio or United States Constitution," *Kaminski v. Metal & Wire Prods. Co.*, 2010-Ohio-1027, ¶ 60. So when the General Assembly creates a right for the people that does not conflict with the state or federal Constitution—as it has done with the right to access public records—it is our duty to protect this right, regardless of whether we agree with the underlying policy supporting it.

{¶ 20} But in yet another one of a thousand cuts eviscerating the Public Records Act, the majority once again undermines the act by denying an award of statutory damages when a public office failed to comply with an obligation under the act. This particular case presents the question whether a public office could reasonably believe that it had no duty to respond to a public-records request because the requester had already received a copy of the requested record from a different public office. Based on the state of the law at the time appellee, the Franklin County Board of Commissioners, denied the request, the answer is no. I would affirm the judgment of the Tenth District Court of Appeals to the extent it dismissed appellant Alphonso Mobley Jr.'s claim for a writ of mandamus as moot and reverse the court of appeals' judgment denying an award of statutory damages. I would award

Mobley $1,000 in statutory damages, and therefore, I concur in part and dissent in part.

**Background**

**{¶ 21}** Initially, it is important to note that "[i]n reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, we accept as true all factual allegations in the complaint." *Lunsford v. Sterilite of Ohio, L.L.C.*, 2020-Ohio-4193, ¶ 22. In his complaint, Mobley alleged that he had requested from the board the "Prosecutor Statement, pursuant to [former] R.C. 309.16 for year 2020." The board denied the public-records request, saying that the request duplicated a prior request for the same record that the Franklin County Prosecutor's Office had already fulfilled. Mobley asserted that the board is a public office that is separate and distinct from the prosecutor's office and therefore had a duty to fulfill the request.

**{¶ 22}** After Mobley brought a mandamus action, the board fulfilled his public-records request for the prosecutor's statement. It then moved to dismiss the action, attaching a letter to show that it had fulfilled the records request and that the request for a writ was moot. *See State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 2002-Ohio-7041, ¶ 8 (a court may consider evidence outside the record to determine whether a cause is moot). Mobley later moved for a default judgment and admitted in that motion that he had received the requested record from the board.

**{¶ 23}** In its motion to dismiss, the board made two arguments: either it was not required to respond to a duplicate request or it reasonably believed that it was not required to respond to a duplicate request. A magistrate of the Tenth District recommended dismissing the action as moot and denying an award of statutory damages, stating that "even if [the board] failed to comply with its obligation under R.C. 149.43(B)(1) and (3), [Mobley] is not entitled to statutory damages because [the board's] failure to initially provide [Mobley] with the requested records was

made upon a reasonable reliance of the case law in [*State ex rel. Cushion v. Massillon*, 2011-Ohio-4749 (5th Dist.)]." 2025-Ohio-1422, ¶ 37 (10th Dist.). In *Cushion*, the Fifth District Court of Appeals suggested that there was no need for the mayor of the City of Massillon to respond to a public-records request when the city's law director and auditor had already fulfilled the request. *Cushion* at ¶ 81, 85.

**{¶ 24}** Mobley objected to the magistrate's decision, asserting that the board could not reasonably rely on *Cushion* in denying his public-records request when decisions from this court had established that a public office is still required to provide a public record even if the requester has already received it from a third party. He also maintained that nothing prevented him from requesting the same public record from two separate public offices.

**{¶ 25}** The Tenth District overruled Mobley's objections, holding that "the magistrate properly concluded that Mobley was not entitled to statutory damages because a well-informed public office could reasonably believe that denying Mobley's request did not violate the Public Records Act based on existing case law." 2025-Ohio-1422 at ¶ 16 (10th Dist.).

**{¶ 26}** Mobley appealed as of right.

**Law and Analysis**

*Standard of Review*

**{¶ 27}** In an original public-records mandamus action, a court of appeals has discretion in deciding the ultimate question whether to reduce or deny an award of statutory damages under R.C. 149.43(C)(2).[5] It does not, however, have discretion to misapply the law. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 38. R.C.

---

5. Effective April 9, 2025, R.C. 149.43 was amended, and some provisions have been renumbered. *See* 2024 Sub.H.B. No. 265. This opinion applies the version of the statute enacted in 2022 Sub.H.B. No. 93 (effective Apr. 29, 2022).

149.43(C)(2) states that a court "*may* reduce an award of statutory damages or not award statutory damages" if certain conditions are met. (Emphasis added.)

{¶ 28} Nonetheless, it is well established that "[w]e review a court of appeals' judgment in a mandamus action filed in that court as if the action had been brought originally in this court." *State ex rel. Cable News Network, Inc. v. Bellbrook-Sugarcreek Local Schools*, 2020-Ohio-5149, ¶ 7; *accord State ex rel. Fair Hous. Opportunities of Northwest Ohio v. Ohio Fair Plan*, 2023-Ohio-2667, ¶ 12. This court is therefore not required to defer to the court of appeals' decision to deny Mobley an award of statutory damages under R.C. 149.43(C)(2).

{¶ 29} In addition, the Tenth District in this case granted the board's motion to dismiss, and "[w]e review de novo a decision granting a motion to dismiss for failure to state a claim upon which relief can be granted," *State ex rel. Wright v. Madison Cty. Clerk of Courts*, 2026-Ohio-598, ¶ 7; *see also Furr v. Ruehlman*, 2023-Ohio-481, ¶ 8 ("We review de novo an order dismissing a mandamus complaint."). De novo review necessarily includes the court of appeals' decision to dismiss Mobley's request for an award of statutory damages.

{¶ 30} Both prongs under R.C. 149.43(C)(2)(a) and (b) must be satisfied before a court of appeals has discretion to reduce or deny an award of statutory damages. Answering the threshold question of what a well-informed public-records custodian would reasonably believe calls for an objective assessment of law and public policy, and that presents a question of law. As the United States Court of Appeals for the Second Circuit has noted, "[w]hat the law's legal construct of a reasonable person would believe or do under the particular circumstances of a case is normally a question of law, the decision of which is reviewed de novo." *Huang v. Holder*, 677 F.3d 130, 135 (2d Cir. 2012).

{¶ 31} Consequently, contrary to the majority, I would apply a de novo standard of review in this direct appeal.

*The Public Records Act*

{¶ 32} Subject to an exception not relevant here, "upon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1).

{¶ 33} Statutory damages are available if "a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with [R.C. 149.43(B)]" and (1) the request was transmitted by hand delivery, electronic submission, or certified mail, (2) the request fairly described the public record being requested, and (3) the request was sent to the public office or person responsible for the public record. R.C. 149.43(C)(2). An award of statutory damages under the Public Records Act is compulsory: "the requester *shall* be entitled to recover . . . statutory damages" (emphasis added), *id.*

{¶ 34} The Public Records Act provides only one circumstance in which "[t]he court *may* reduce an award of statutory damages or not award statutory damages." (Emphasis added.) *Id.* To reduce or not award statutory damages, the court must decide that "a well-informed" public-records custodian would reasonably believe that the conduct of the public office or person responsible for the public records (1) "did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)]," R.C. 149.43(C)(2)(a), and (2) "would serve the public policy that underlies the authority that is asserted as permitting that conduct," R.C. 149.43(C)(2)(b). Both prongs must be met. *See* R.C. 149.43(C)(2).

{¶ 35} In my view, the board violated an obligation imposed under R.C. 149.43(B) by not producing a copy of the prosecutor's statement in a reasonable time, and an award of statutory damages is required. I will not belabor the point, since the majority does not dispute it. The Tenth District and the majority's analysis in fact presupposes that the board violated the Public Records Act by failing to provide the prosecutor's statement in a reasonable time and that an award of

statutory damages is required, since they skip ahead to the question whether to reduce or not award statutory damages under R.C. 149.43(C)(2)(a) and (b).  *See* majority opinion, ¶ 10; 2025-Ohio 1422 at ¶ 10-11 (10th Dist.).

{¶ 36} Initially, nothing in the text of the Public Records Act expressly excuses a public-records custodian from fulfilling a public-records request that has been fulfilled by another public office.  The statute contains an extensive and comprehensive list of exceptions precluding the release of records, *see* R.C. 149.43(A)(1)(a) through (oo), and it "mandates access to public records upon request unless the requested records are specifically excepted from disclosure," *State ex rel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental Protection Agency*, 2000-Ohio-282, ¶ 12.  There is no exception for duplicate requests made to separate public offices, and "[a] judicially created 'good sense' rule does not except a public record from disclosure under R.C. 149.43," *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 2008-Ohio-1770, paragraph three of the syllabus.  So, from the start, a well-informed public-records custodian would have no basis to believe that the board was not required to provide the prosecutor's statement to Mobley.

Cushion *and* Brown

{¶ 37} Next, remember that in *Cushion*, the public-records requester sent the same public-records request to the City of Massillon's mayor, law director, and auditor.  *Cushion*, 2011-Ohio-4749, at ¶ 2-13 (5th Dist.).  However, the Fifth District noted that the city law director had written a letter to the requester saying that he had responded to the request on behalf of himself, the auditor, and the mayor; the court then said that each city office did not need to respond to the request.  *Id.* at ¶ 85.  The court's analysis for rejecting the requester's argument that he was entitled to have the same record provided by each office was that "he cite[d] no cases for such proposition" and that the court was not "aware of any such case law or other legal authority."  *Id.* at ¶ 86.  That is, the Fifth District was largely

agnostic about whether the Public Record Act bars a requester from seeking the same record from different public offices.

{¶ 38} That is a pretty slender reed to grasp. But more importantly, when the board denied Mobley's public-records request, a well-informed public-records custodian would have known that the *Cushion* decision runs counter to clearly established precedent. For example, in *State ex rel. Summers v. Fox*, we stated plainly: "Nothing in the text of the Public Records Act excuses a public office from its duty to supply records upon a showing that the requester has obtained the record from a third party." 2020-Ohio-5585, ¶ 39. A separate public office is a third party.

{¶ 39} The Tenth District and the majority cite the Second District Court of Appeals' decision in *State ex rel. Brown v. N. Lewisburg*, 2013-Ohio-3841 (2d Dist.), in support of the view that the board acted reasonably. However, that decision does not support a reasonable belief that a public-records request made to one public office precludes a request for the same record from a second public office from being fulfilled, because *Brown* involved a single request, not multiple requests to separate public offices.

{¶ 40} In *Brown*, a member of a village council—Brown—requested copies of the village's invoices, purchase orders, and certain checks for a certain period. *Id.* at ¶ 2. The village mayor refused to provide the requested records because Brown had received some of the information in those records in registers provided in monthly packets prepared for council members and because the invoices were available to review at council meetings. *Id.* at ¶ 3. In addition, Brown had been permitted to view a detailed payment register that contained information in the records sought in her public-records request. *Id.* at ¶ 4. Brown did not receive the records requested until after she filed her mandamus action. *Id.* at ¶ 5, 7. The Second District denied the writ as moot, *id.* at ¶ 11, and denied an award of statutory damages on the basis that "it [was] not . . . unreasonable for . . . the custodians of the records requested . . . to have believed that Brown was not entitled to

duplicative, voluminous copies of records to which . . . she [had] access at each Village council meeting," *id.* at ¶ 19.

{¶ 41} A well-informed public-records custodian could not have reasonably relied on *Brown* for the proposition that a public-records request made to one public office precludes a request for the same record from a separate public office from being fulfilled. Again, *Brown* involved only a single request to a single public office that was not fulfilled before the mandamus action was filed.

{¶ 42} What the Second District said was that it was reasonable for the village and its officials to believe that "Brown was not entitled to duplicative, voluminous copies of records to which . . . she [had] access at each Village council meeting." *Id.*, 2013-Ohio-3841, at ¶ 19 (2d Dist.). But at the time *Brown* was decided, this court had already rejected the proposition that allowing a public-records requester to see or hear a requested record absolved the public-records custodian of the duty to make a copy of the record upon request. *See State ex rel. Dispatch Printing Co. v. Morrow Cty. Prosecutor's Office*, 2005-Ohio-685, ¶ 12, ¶ 14-15 (newspaper requested copy of a 9-1-1 audio tape but public office responded by allowing a newspaper employee to listen to it and by offering to transcribe it; the public office's response violated the Public Records Act). A well-informed public-records custodian would have known this court's public-records precedent (especially if it is assumed that the custodian knew about two obscure court-of-appeals public-records decisions like *Cushion* and *Brown*).

Adkins, Summerville, *and* Caster

{¶ 43} The Tenth District and the majority also point to *State ex rel. Adkins v. Dept. of Rehab. & Corr. Legal Dept.*, 2024-Ohio-5154, and *State ex rel. Laborers Internatl. Union of N. Am., Local Union No. 500 v. Summerville*, 2009-Ohio-4090. *See* 2025-Ohio-1422 at ¶ 13 (10th Dist.); majority opinion at ¶ 12. The majority adds *State ex rel. Caster v. Columbus*, 2016-Ohio-8394, to the analysis. Majority opinion at ¶ 12.

**{¶ 44}** As for *Adkins*, the majority rightly acknowledges that that decision postdates the board's denial of Mobley's public-records request, so *Adkins* cannot support a reasonable belief that the board did not have a duty to fulfill Mobley's request. Moreover, *Adkins* says, "*Generally*, public offices are not required to respond to duplicative public-records requests." (Emphasis added.) *Adkins* at ¶ 15. That rule is therefore not as absolute as the majority would make it out to be. Further, *Adkins* is of limited value here because it holds that the requests at issue in that case—which were made to a warden's assistant and the chief inspector's office at a correctional institution—were not duplicative based on their wording. *See id.* at ¶ 16. *Adkins* therefore tells us nothing about whether a request fulfilled by one public office excuses a separate public office from its obligation to provide the same record upon request—the court could have simply meant that there is no need to respond to duplicate requests made to the same public office.

**{¶ 45}** In contrast, *Summerville* involved a "follow-up letter" that the public-records requester sent after its public-records request had been denied. *Summerville* at ¶ 5-6. This court determined that the follow-up letter was not a separate public-records request, and the court indicated that it would be absurd to allow public-records requesters to "inundate public officials with myriad identical records requests." *Id.* at ¶ 6. That statement sounds more like a policy decision—a judicially created good-sense rule—than a wholehearted stab at statutory interpretation, but for what it's worth, the follow-up letter was sent to the same public office, not a separate one.

**{¶ 46}** Lastly, the duplicative public-records requests at issue in *Caster* were not sent to separate public offices; all the requests were sent to the Columbus Division of Police. *Caster*, 2016-Ohio-8394, at ¶ 3, 6-9, 49.

**{¶ 47}** So where does that leave us? We have a statute that provides no exception for duplicative public-records requests made to separate public offices, notwithstanding a myriad of other exceptions. We have several cases that do not

20

support the board's assertion that it reasonably believed that it had no duty to fulfill Mobley's public-records request: *Cushion* conflicts with case law from this court, *Brown* is irrelevant, *Adkins* is inconclusive, *Summerville* involved a follow-up letter, and *Caster* concerned multiple requests sent to the same public-records custodian. And we have unambiguous case law from this court stating: "Nothing in the text of the Public Records Act excuses a public office from its duty to supply records upon a showing that the requester has obtained the record from a third party." *Summers*, 2020-Ohio-5585, at ¶ 39.

{¶ 48} Based on an ordinary application of case law, a reasonable, well-informed public-records custodian would have fulfilled Mobley's public-records request. Because the board fails to establish that it reasonably believed that denying the request "did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)]," R.C. 149.43(C)(2)(a), this court cannot reduce or not award statutory damages under R.C. 149.43(C)(2). I therefore would award Mobley $1,000 in statutory damages.

{¶ 49} The majority finds otherwise, but it then fails to complete its analysis. To reduce or not award statutory damages, the court must find that *both* R.C. 149.43(C)(2)(a) and (b) apply—i.e., that "a well-informed" public-records custodian would reasonably believe that the conduct of the public office or person responsible for the requested public records (1) "did not constitute a failure to comply with an obligation in accordance with [R.C. 149.43(B)]," "based on the ordinary application of statutory law and case law," R.C. 149.43(C)(2)(a), *and* (2) "would serve the public policy that underlies the authority that is asserted as permitting that conduct," R.C. 149.43(C)(2)(b).

{¶ 50} The majority skips a step and never addresses the public-policy prong of the statute. It attempts to justify this shortcoming by suggesting that Mobley failed to object to the magistrate's decision related to the second prong under R.C. 149.43(C)(2)(b). *See* majority opinion at ¶ 9 ("[Mobley] objected only

to the magistrate's recommendation that the board's refusal to provide the requested records was based on reasonable reliance on case law"); *id.* at ¶ 10 (reviewing only the first prong under R.C. 149.43(C)(2)(a)).

{¶ 51} The magistrate's analysis of the second prong, however, is limited to a conclusory statement that denying a duplicative record request "would serve the public policy that underlies the authority that is asserted as permitting that conduct," 2025-Ohio-1422 at ¶ 37 (10th Dist.). The magistrate further explained that the prosecutor's office and the board were in sufficient privity with each other to eliminate the need for both public offices to respond to a duplicative public-records request. *Id.* at ¶ 38. In response, Mobley presented this objection: "The magistrate mistakenly invokes privity among the Franklin County Prosecutor's Office and the Franklin County Board of Commissioner's where neither the law or public policy allows privity."

{¶ 52} Mobley sufficiently raised the question of public policy in this objection. But notably, the board did not respond to Mobley's objections to the magistrate's decision, and the Tenth District never addressed whether his objections were sufficient—in fact, it simply refused to adopt the magistrate's conclusory analysis of the public-policy prong, *id.* at ¶ 17. And in this court, the board has not asserted that Mobley's objections were insufficient but instead argues the merits of the public-policy prong. In these circumstances, Civ.R. 53(D)(3)(b)(iv) does not stand in the way of this court's completing its analysis of the well-informed-custodian test.

{¶ 53} To close the loop, I will address R.C. 149.43(C)(2)(b). The board points to the policy stated in *Summerville*, i.e., that not requiring a public office to respond each time a public-records requester sends a follow-up letter requesting the same records the requester previously requested avoids the "absurd result" of encouraging "persons with questionable motives" to "inundate public officials with myriad identical records requests," *Summerville*, 2009-Ohio-4090, at ¶ 6. It is

plausible that allowing the denial of "myriad" duplicative public-records requests to the same public office serves this policy. But the same is not true of single requests to different public offices. A single public-records custodian is not inundated with requests in this scenario—here, it probably took as much time for the board's representative to write the letter denying Mobley's public-records request as it would have taken to fulfill it.

{¶ 54} Nor does a person's requesting the same record from separate public offices necessarily mean that the person has nefarious motives—simply put, a citizen might want to compare the record received from each office to make sure that they are identical. In this case, Mobley could have requested a copy of the prosecutor's statement from the prosecutor and from the board to make sure that the statements matched, proving that the statement that the prosecutor sent Mobley was actually the statement that had been filed with the board. But in the end, the reason Mobley sent two public-records requests does not matter, because a public-records requester does not have to explain why he or she wants the records, *see* R.C. 149.43(B)(4)—it is enough that a request was made that fairly identified the records sought.

{¶ 55} And even if precluding separate public-records requests sent to different public offices from being fulfilled advanced a public policy of discouraging persons with questionable motives from inundating public officials with multiple identical requests, the overarching policy of the Public Records Act outweighs it. "It has long been the policy of this state, as reflected in the Public Records Act and as acknowledged by this court, that open government serves the public interest and our democratic system," *State ex rel. Dann v. Taft*, 2006-Ohio-1825, ¶ 20, therefore "reinforc[ing] the understanding that open access to government papers is an integral entitlement of the people, to be preserved with vigilance and vigor," *Kish v. Akron*, 2006-Ohio-1244, ¶ 17. Preserving our

democratic values is more important than any hassle a public servant must endure in fulfilling a public-records request.

{¶ 56} For these reasons, I concur in part and dissent in part.

_____

Alphonso Mobley Jr., pro se.

Shayla D. Favor, Franklin County Prosecuting Attorney, and Thomas W. Ellis and John A. Zervas, Assistant Prosecuting Attorneys, for appellee.

_____